# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.Q., (A minor by and through his parent and Guardian ad Litem, CHARIS QUATRO),<br><br>    Plaintiff,<br><br>v.<br><br>TEHACHAPI UNIFIED SCHOOL DISTRICT,<br><br>    Defendant. | Case No.: 1:16-cv-01485 LJO-JLT<br><br>FINDINGS AND RECOMMENDATIONS DENYING APPROVAL OF THE MINOR' COMPROMISE WITHOUT PREJUDICE<br><br>(Doc. 71) |

The plaintiff has filed an application seeking approval of the minor's compromise. (Doc. 71) The petition indicates that the parties may not have reached a meeting of the minds as to all material terms. At issue is nearly $200,000 in fees and costs owed to the child's attorney resulting from another action filed as a result of the defendant's acts in denying the child a Free and Appropriate Public Education. Thus, the Court recommends the petition for approval of the minor's compromise be **DENIED**.

I.    **Factual and Procedural History**

R.Q. alleges he has significant physical limitations due to his various medical and congenital conditions and behaviors that have interfered with his classroom learning and productivity. (Doc. 24 at 2-3). After a due process hearing, the administrative law judge found the district denied the child a Free and Appropriate Public Education for a limited period but denied his remaining claims. Id. In

1

this action, the child challenged the ALJ's decision and also raised claims under the Rehabilitation Act and the Americans With Disabilities Act. (Doc. 24) After the Court affirmed the decision of the ALJ, the child proceeded on his remaining claims.

The parties engaged in mediation and, seemingly, came to a resolution. (Doc. 71 at 1-2) However, after the settlement agreement, drafted by the mediator, was signed by the parties, the attorney for the child learned that the defense was taking the position that the settlement waived the fees and costs awarded in an earlier filed case.

The original case was filed by the child's parent.[1] In that case, *Quatro v. Tehachapi Unified School District*, Case No. 1:16-cv-01213 DWM, the parent prevailed and demonstrated the child's attorney was entitled to fees and costs as a result of the determination the defendant denied the child a FAPE. (Case No. 1:16-cv-01213 DWM, Doc. 52) The Court's judgment was affirmed on appeal (Case No. 1:16-cv-01213 DWM, Doc. 66), and the Ninth Circuit Court of Appeals awarded attorney's fees to the parent. (Case No. 1:16-cv-01213 DWM, Doc. 69) These amounts, when interest is included, total nearly $200,000.

The child's attorney asserts that when the parties engaged in private mediation in this case, there was no discussion related to the earlier case. (Doc. 71 at 10) However, after the settlement documents were signed, defense counsel asserted that the agreement also meant that the fees and costs ordered by this Court and Ninth Circuit Court of Appeals in the other case, were no longer owed because the agreement required the child to dismiss "all pending legal matters against Defendants." Id. The child's attorney argues, "It would be nonsensical for R.Q. and his attorneys to enter into a settlement agreement eliminating nearly $200K in fees owed, [in exchange] for $134K in fees, costs and compensation and damages . . . This was not bargained for, the Settlement Agreement doesn't list those case numbers [for the earlier filed trial court case and the subsequent appeal], the fact the Defendant's outstanding compliance with Court Orders were not "pending legal matters," they had been decided, and merely required payment. . ." Id.

The Court ordered the defense to shed light on this dispute, but the defendant through counsel,

---

[1] This parent is the guardian ad litem in this action and is a signatory to the settlement agreement in this case.

2

declined. (Doc. 73 at 2) However, implicitly, defense counsel admits that there was no discussion at the mediation that settlement in this matter implicated a waiver of the fees and costs awarded in the other action.

Even still, the defense has refused also to address whether the defendant contends that this issue is a material term or whether the defendant would settle this case only on the terms about which the parties agree. Rather than explain whether there was a complete meeting of the minds, defense counsel argues that the Court's inquiry raised issues beyond its authority because the earlier case is assigned to a different judge. Id. at 2-3. In short, defense counsel has asserted that whether the agreement in this case resolved the other matter is not the business of this Court. In doing so, the defendant ignores the Court's obligation to the child in considering the proposed settlement. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) ["District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors."]

## II.     Settlement Approval Standards

No settlement or compromise of "a claim by or against a minor or incompetent person" is effective unless it is approved by the Court. Local Rule 202(b). Indeed, even if a settlement agreement is signed in good faith by the guardian ad litem on the child's behalf, the agreement may be repudiated by the guardian if later facts arise that promote this course of action. *Dacanay v. Mendoza,* 573 F.2d 1075, 1080 (9th Cir. 1978). If this occurs, the Court is confronted with the question whether the guardian acted arbitrarily or capriciously and can order settlement over the guardians' repudiation only in limited circumstances. *Id*.

The purpose of requiring the Court's approval is to provide an additional level of oversight to ensure that the child's interests are protected. Toward this end, a party seeking approval of the settlement must disclose:

> the age and sex of the minor, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount . . . was determined, **including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise**, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

Local Rule 202(b)(2) (emphasis added).

The Ninth Circuit determined that Federal Rule of Civil Procedure 17(c) imposes on the Court the responsibility to safeguard the interests of child-litigants. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). Thus, the Court is obligated to independently investigate the fairness of the settlement even where the parent has recommended it. *Id.* at 1181; *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem").

### III. Discussion and Analysis

The petition for approval of the settlement reached on behalf of the child R.Q. sets forth the information required by Local Rule 202(b)(2). However, absent agreement as to what the child will be giving up if the settlement is approved, the Court cannot find that there has been a meeting of the minds and cannot find that there is a settlement. Thus, the question is not whether the settlement is fair, but whether there is a settlement at all.

Though the parties agree there is a settlement as to certain terms, as noted above, it is unclear whether they agree about the scope of the settlement. Given the amount of money at issue and not knowing if there would be financial consequences to the child or Ms. Quatro—depending upon the retainer agreement between them and Ms. Marcus—if the fees and costs awarded in the other case are waived as a result of this settlement, the Court cannot blithely assume that this dispute is an immaterial term to the settlement. To the contrary, because the defense has refused to contribute any information on this topic, the Court must presume that this issue is highly material as to whether the parties would settle otherwise. Thus, the Court cannot conduct the fairness evaluation required by law. *See Kukla v. Nat'l Distillers Prod. Co.*, 483 F.2d 619, 621 (6th Cir. 1973).

In *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir. 1976), the court considered whether it had the authority to summarily enforce settlement agreements. The statements of the court related to the duties of counsel when settling cases, however, is no less applicable here. The court held,

> Agreements settling litigation are solemn undertakings, invoking a duty upon the involved lawyers, as officers of the court, to make every reasonable effort to see that the agreed terms are fully and timely carried out. Public policy strongly favors settlement of disputes without litigation . . . Settlement agreements should therefore be upheld whenever equitable and policy considerations so permit. By such agreements are the burdens of trial spared to the parties, to other litigants waiting their turn before over-burdened courts, and to the citizens whose taxes support the latter. An amicable compromise provides the more speedy and reasonable remedy for the dispute. *D. H. Overmeyer Co. v. Loflin*, 440 F.2d 1213 (5th Cir. 1971).

Despite the language in *Aro* describing counsel's duties when undertaking a settlement, it appears that the settlement process has lost sight of the importance of this litigation to the parties involved. They should not have to guess at what their futures hold. The Court cannot condone a settlement for a child which would surely result in further litigation.

## IV. Findings and Recommendations

Based upon the foregoing, the Court **RECOMMENDS** the following:

1. The motion for approval of minor's compromise be **DENIED without PREJUDICE**;
2. Within 14 days, the parties be required to file a joint scheduling statement proposing dates for the pretrial conference and the trial.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///
///
///
///
///
///
///
///

The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated: __**November 26, 2019**__            _____**/s/ Jennifer L. Thurston**_____
                                                                                  UNITED STATES MAGISTRATE JUDGE