# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.Q., (A minor by and through his parent and Guardian ad Litem, CHARIS QUATRO),<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TEHACHAPI UNIFIED SCHOOL DISTRICT,<br><br>　　　　　Defendant. | Case No.: 1:16-cv-01485 LJO-JLT<br><br>ORDER ADOPTING IN FULL FINDINGS AND RECOMMENDATIONS DENYING APPROVAL OF THE MINOR'S COMPROMISE WITHOUT PREJUDICE<br><br>(Doc. 77) |

　　　　The plaintiff filed an application seeking approval of the minor's compromise. (Doc. 71) The Court referred the matter was to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On November 27, 2019, the assigned magistrate judge issued findings and recommendations that the petition be denied because it appeared that there was no meeting of minds about whether the plaintiff had waived fees and costs in an action filed earlier by his parent. (Doc. 77) The Magistrate Judge noted that despite no discussion at the mediation about this other case, the defense takes the position that the executed settlement agreement would require dismissal of that earlier action without payment of the fees and costs ordered by the Ninth Circuit Court of Appeals and this Court. Id. The assigned magistrate judge found that this was likely to be a material term of the agreement, having received no guidance from defense counsel as to whether an agreement had been reached as to all

1

material terms. Id.

The defendant has objected to the Findings and Recommendation and has asserted that the dispute can be resolved by inquiring of Ms. Marcus, the child's attorney, whether the retainer agreement requires the child to bear the fees and costs that would be waived if the settlement is approved.[1] (Doc. 78) This assertion misses the point.[2] Absent agreement on all material terms, there is no enforceable settlement. The Court cannot approve an unenforceable settlement because doing so would be inherently unfair to the minor. In addition, unless the Court is fully aware of the ramifications to the minor, the Court cannot evaluate what is in the best interests of the minor. Thus, in accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court conducted a de novo review of the case. Having carefully reviewed the file, the court finds the findings and recommendations are supported by the record and proper analysis. Accordingly,

1. The findings and recommendations filed on November 27, 2019 (Doc. No. 77) are adopted in full;

2. The matter is referred to Magistrate Judge Jennifer L. Thurston to enter an appropriate further scheduling order.

IT IS SO ORDERED.

Dated: **December 27, 2019**     /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE

---

[1] The Court notes that the dispute may be resolved also if the defense would state that there was no meeting of the minds about waiver of the earlier-awarded fees and costs and that this not a material term of this settlement. Likewise, it may be resolved if Ms. Quatro files and the Court decides a motion to enforce the court's orders—whether she seeks to proceed through a contempt citation or otherwise.

[2] Moreover, it would be antithetical to the Court's duty when evaluating a minor's compromise, to condone this type of sharp dealing with a child-plaintiff.