UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.Q., (A minor by and through his parent and Guardian ad Litem, CHARIS QUATRO),<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TEHACHAPI UNIFIED SCHOOL DISTRICT,<br><br>　　　　　Defendant. | Case No.: 1:16-cv-01485 NONE JLT<br><br>FINDINGS AND RECOMMENDATIONS TO APPROVE THE MINOR' COMPROMISE<br>(Doc. 96) |

The plaintiff has filed an application seeking approval of the minor's compromise. (Doc. 96) The parties have agreed to settle the matter for a payment of money.  Because the child is no longer attending a school within the Tehachapi Unified School District (Doc. 96 at 7) and the settlement appears fair and reasonable, the Court recommends the petition for approval of the minor's compromise be **GRANTED**.

I.      **Factual and Procedural History**

Eleven-year-old R.Q.[1] (Doc. 96 at 3) alleges he has significant physical limitations due to his various medical and congenital conditions[2] and that his behaviors that have interfered with his

---

[1] The child was five at the initiation of the dispute. (Doc. 96 at 3)

[2] The child suffers from Spinal Bifida, hydrocephalus, Chiari Malformation II and bilateral clubfeet. (Doc. 96 at 3) He wears bilateral ankle foot orthosis and derotational straps, he uses a Nimbo posterior posture walker and must crawl

1

classroom learning and productivity. (Doc. 24 at 2-3). After a due process hearing, the administrative law judge found the district denied the child a Free and Appropriate Public Education for a limited period but denied his remaining claims. Id.  In this action, the child challenged the ALJ's decision and raised claims under the Rehabilitation Act and the Americans With Disabilities Act.  (Doc. 24) After the Court affirmed the decision of the ALJ, the child proceeded on his remaining claims.

The parties engaged in mediation and, seemingly, came to a resolution. (Doc. 71 at 1-2) However, after the settlement agreement, drafted by the mediator, was signed by the parties, the attorney for the child learned that the defense was taking the position that the settlement waived the fees and costs awarded in an earlier filed case. Because it appeared that this was a material term and the parties had no meeting of the minds on the topic, the Court declined to approve the minor's compromise. (Docs. 77, 84) The parties have now submitted a new petition to settle the matter.  (Doc. 96) This settlement agreement has been executed by the parties and the prior disagreement has been resolved.

## II.     Settlement Approval Standards

No settlement or compromise of "a claim by or against a minor or incompetent person" is effective unless it is approved by the Court.  Local Rule 202(b).  Indeed, even if a settlement agreement is signed in good faith by the guardian ad litem on the child's behalf, the agreement may be repudiated by the guardian if later facts arise that promote this course of action.  Dacanay v. Mendoza, 573 F.2d 1075, 1080 (9th Cir. 1978).  If this occurs, the Court is confronted with the question whether the guardian acted arbitrarily or capriciously and can order settlement over the guardians' repudiation only in limited circumstances. *Id*.

The purpose of requiring the Court's approval is to provide an additional level of oversight to ensure that the child's interests are protected. Toward this end, a party seeking approval of the settlement must disclose:

> the age and sex of the minor, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount . . . was determined, including such additional information as may be required

---

without the assistance of assistive devices. Id. He has a catherter to address his toileting needs and a brain shunt to relieve fluid build-up on his brain. Id.

> to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

Local Rule 202(b)(2).

The Ninth Circuit determined that Federal Rule of Civil Procedure 17(c) imposes on the Court the responsibility to safeguard the interests of child-litigants. Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011). Thus, the Court is obligated to independently investigate the fairness of the settlement even where the parent has recommended it. *Id.* at 1181; see also Salmeron v. United States, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem").

### III. Discussion and Analysis

The petition for approval of the settlement reached on behalf of the child R.Q. sets forth the information required by Local Rule 202(b)(2)). R.Q. is an 11-year-old boy. (Doc. 96 at 3.) He seeks damages related to the refusal to draft a Behavior Intervention Plan to address the boy's behavior that interfered with his ability to access his education. Id. at 4-6.

When considering a petition for a minor's compromise, courts typically consider such information as the relative worth of the settlement, the circumstances of the settlement, counsel's explanation of their views and experiences in litigating these types of actions, and other, similar compromises that have been approved by courts. See, e.g., Bravo v. United States, 2016 WL 3418450, at *2–3 (E.D. Cal. June 22, 2016) (considering the posture of the case and the fact that the settlement occurred at a court-supervised settlement conference); Hagan v. Cal. Forensic Med. Grp., 2013 WL 461501, at *1 (E.D. Cal. Feb. 5, 2013) (considering court-approved minor's settlements in other cases). The attorney and the guardian ad litem agree that "[t]he settlement provides Plaintiff R.Q. with the maximum amount of relied that could be obtained in this matter and it is a fair settlement for Plaintiff R.Q. Moreover, R.Q. has since moved to New York and has no ongoing educational needs through the District defendant." (Doc. 96 at 7)

///

### A.      Award to R.Q.

The District have agreed to pay the total amount of $34,000. (Doc. 96 at 6.) This represents 12 hours of compensatory education for the child. Id. Of this amount, $4,000 will be paid to the child's parent, Charis Quatro, as reimbursement for costs incurred during the time the child did not attend school caused by the failure to provide him an appropriate learning environment. Id.  The balance of the amount will be paid in two installments to an ABLE account[3], as compensation for harm suffered by the boy. Id.  The Court notes that the child has been receiving his schooling in New York for at least a year (Doc. 71 at 7), so it is not possible for the District to provide him compensatory education services. Also, the attorney and the boy's parent agree that the settlement reflects the maximum the child could recover (Doc. 96 at 7). Thus, the Court recommends the award to the child be approved.

### B.      Proposed Attorney Fees and Costs

The parties agree the District will pay $100,000 to the plaintiff's attorney, Ms. Marcus. (Doc. 96 at 7.) Based upon the actions taken by counsel, and the facts that this sum is not taken from the child's award and that parties agree to this amount, the Court finds the award is reasonable. The Court recommends the fee award be approved.

### C.      Recovery in Similar Actions

As noted above, the Court must consider the outcome of similar cases to determine whether the sum to settle the child's claims is reasonable.  See Robidoux, 638 F.3d at 1181; Salmeron, 724 F.2d at 1363.  Petitioner notes that the facts of this case are unique and involve the denial of FAPE for one month and additional time claimed on appeal. Given the limited time period at issue, the Court agrees that similar cases are hard to locate.

In J.S. v. Santa Clara County Office of Education, 2019 WL 7020321, at *1 (N.D. Cal. Dec. 20, 2019), the child, who suffered from various disorders, was denied a free appropriate education for a year and was assaulted by an employee of the school. The child and her parent settled the case for the payment of attorney's fees and $7,000 payable for the child's damages and the rest paid to the parent. Id. at 1-2.

---

[3] Because the ABLE account may only receive a maximum of $15,000 per year, the payments will be made on December 30, 2020 and January 15, 2021. (Doc. 96 at 6, n. 1)

Plaintiff refers the Court to Woods v. Northport Public School, 487 F.App'x 968,978 (6th Cir. 2012), in which the child, who suffered from autism, was awarded 768 hours of compensatory education after the denial of FAPE for 64 weeks.  In C.F. v. San Lorenzo Unified School District, 2016 U.S. Dist. LEXIS 115870, *2-4 (N.D. Cal. Aug. 29, 2016), the Court approved the petition for a minor's compromise with $10,00 paid to the child, who suffered from ADHD, dyslexia and learning disabilities and the balance ($55,000) paid in attorney's fees. Based upon the scant number of cases with similar facts, the Court finds the recovery is appropriate.

Based upon the information provided in the motion and the supporting documents and considering the totality of the facts and circumstances of this case, the Court finds the settlement agreement is fair, reasonable, and in the best interests of the child.

**IV.     Findings and Recommendations**

Based upon the foregoing, the Court **RECOMMENDS** the following:

1.  The motion for approval of minor's compromise be **GRANTED**;

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 7, 2020**              **/s/ Jennifer L. Thurston**
                                                   UNITED STATES MAGISTRATE JUDGE